Law Office of Michael D. Pinsky, P.C.
Proposed Attorney for Debtor
7725 Victor Mendon Road
Victor, New York 14564
Tel: (845) 467-1602
Fax: (845) 684-0547
Email: michael.d.pinsky@gmail.com
Michael D. Pinsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

Chapter 11

Affordable Granite & Cabinetry
Outlet Inc.,

Case No. 26-36122 (KYP)

Debtor.
-----------------------------------------------------x

**MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL**

TO: THE HONORABLE KYU Y. PAEK, UNITED STATES BANKRUPTCY JUDGE

**INTRODUCTION**

1. On October 22, 2026 (the "Petition Date"), Affordable Granite & Cabinetry Outlet Inc. (the "Debtor") (the "Debtor") commenced the above-captioned voluntary case under Subchapter V of chapter 11, title 11, United State Code (the "Bankruptcy Code"). The Debtor remains in possession of its property and continues to operate its business as debtor in possession pursuant to Bankruptcy Code § 1184..

2. The Debtor, a closely held New York business corporation, fabricates and installs countertops and cabinets the Mid-Hudson Valley of New York.

3. During the first 30-day postpetition period, the Debtor projects gross revenue of approximately $335,000 and gross profit (loss) for the month of $15,700, before taxes, depreciation and amortization.

## **RELIEF REQUESTED**

4. The Debtor requires the use of the revenues from business operations to pay necessary business expenses, including without limitation inventory purchases, payroll, payroll tax, insurance, fuel, supplies and equipment loan payments.

5. By this motion, the Debtor seeks the entry of interim and final orders approving the Debtor's use of the cash collateral claimed by those creditors.

6. Debtor seeks authority to use cash collateral on an interim and final basis, pursuant to Bankruptcy Code §§ 102(1)(A), 361, 363(c)(2)(B), 363(c)(3), 363(e) and Rules 4001(b), 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## **JURISDICTION AND VENUE**

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

8. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## **PREPETITION LIENS**

10. Creditors asserting liens on the Debtor's assets include Mahopac Bank ("Mahopac"), Highland Capital Corporation ("HCC"), Marlin Leasing Corp. ("Marlin"), the U.S.

Small Business Administration (the "SBA") CT Corporation System, as Representative ("CTCS") and Tompkins Community Bank ("Tompkins").

11. The SBA's loan documents include a security agreement. However, no UCC-1 Financing Statement for the SBA appears on the records of the New York Department of State.

12. The Debtor has not yet been able to identify the creditor whose interest is represented by CTCS.

13. An image of the UCC filings appearing on the New York Department of State website is annexed as Exhibit "1".[1]

14. The Debtor owns no real property. Security interests in accounts, contract rights, general intangibles, inventory, equipment and other tangible business assets other than moving stock are perfected by filing with the Secretary of State. The priority of those security interests is determined by the date of filing. By date of filing, Mahopac is first, HCC second, CTCS's principal third, Tompkins fka Mahopac fourth and Marlin Leasing fifth. Because the SBA did not file a UCC-1 Financing Statement, its security interests are unperfected0, leaving it in sixth position.

15. By this motion, the Debtor seeks the entry of interim and final orders approving the Debtor's use of the cash collateral claimed by those creditors.

16. Debtor seeks authority to use cash collateral on an interim and final basis, pursuant to Bankruptcy Code §§ 102(1)(A), 361, 363(c)(2)(B), 363(c)(3), 363(e) and Rules 4001(b), 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[1] Exhibit "A" was obtained before the recent changes in the New York Department of State's online access to UCC filings. The information presented in the Exhibit is the same as that available in a less easily viewed manner after those changes.

17. The Debtor does not admit or seek to allow any claim or claims by this motion. The Debtor is still investigating claims and such claims are subject to further dispute or allowance by the Court.

18. In order for the Debtor to operate its business and reorganize its financial affairs, it is essential that the Debtor obtain authority from the Court for the use of cash collateral pursuant to 11 U.S.C. §363(c)(2)(B).

19. The Debtor currently has no alternative borrowing source from which it could obtain funding to operate its business.

20. A proposed Interim Order for the Use of Cash Collateral and 30 day budget are annexed to this motion as Exhibit 2.

21. The expenses set forth in the budget attached to Exhibit 2 are reasonable, necessary business expenses which must be paid on an interim basis in order to continue the Debtor's business and to maintain the value of the Debtor's assets for the benefit of the estate (the "Interim Budget").

22. In the event that the Court does not authorize the Debtor's use of cash collateral, the Debtor believes that it will be unable to maintain its current business operations and to propose a plan of reorganization as contemplated by the Bankruptcy Code.

23. The Court's approval of the Debtors' interim use of cash collateral is necessary to avoid immediate and irreparable harm to the Debtors' business and to estate assets. The Debtor's continued operation and successful reorganization depends upon the payment of its operating expenses. Court approval of the use of cash collateral on an interim basis will permit the Debtor to continue to service its contracts and operate its business to generate value for the benefit of creditors.

24. Bankruptcy Code §363(c)(2)(B) provides that:

> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless--
>
> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

25. A creditor asserting a lien in cash collateral is entitled to "adequate protection" pursuant by Bankruptcy Code §361. Section 361 gives non-exclusive examples, but does not define adequate protection. Adequate protection, in whatever form, is intended to protect a creditor's lien from dissipation or diminution in value. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *see also In re Megan Racine Assoc., Inc.*, 202 B.R. 660, 663 (Bankr. N.D.N.Y. 1996); *In re 495 Central Park Avenue Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992).

26. Adequate protection is a flexible concept, and is determined on a case-by-case basis. *See MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996). The Court may fashion relief "in light of the facts of each case and general equitable principles." H.R. Rep. No 95-595, 95th Cong., 1st Sess. 339 (1977).

27. As adequate protection of the secured creditors' interests on a short-term interim basis, the Debtor asks the Court to approve replacement liens for any diminution in the value of the secured creditors' collateral, if, as and to the extent such liens existed prepetition, proof of insurance coverage against loss by fire, theft or other casualty, and service of the Debtor's monthly operating reports at the time of filing.

28. The Debtor requests that: (i) the Court conduct a preliminary hearing on this Motion and, on an interim basis, authorize the use of cash collateral to prevent immediate and irreparable harm to the estate pending a final hearing as authorized by Bankruptcy Rule 4001(b)(2), as there is a reasonable likelihood that the Debtor will prevail on the motion at the final hearing, Bankruptcy Code §§363(c)(2)(3), (e); and (ii) that following a final hearing on this Motion, the Court approve the use of cash collateral on a final basis, pursuant to a final budget to be filed and served by the Debtor at least 7 days prior to the said final hearing.

29. Premises considered, the Debtor respectfully submits that cause exists for granting the relief requested herein.

30. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

31. As the issues presented by this motion are neither novel nor complex, and given that the authority for the relief requested is set forth in sufficient detail in this motion, the Debtor respectfully requests that the requirement for a separate memorandum of law be waived.

**NOTICE**

32. No chapter 11 trustee, examiner, or creditors' committee has been appointed in this chapter 11 case.

33. The Debtor has provided notice of this Motion by either electronic mail, facsimile, or overnight mail to the United States Trustee, all secured creditors, and to the Debtor's twenty largest unsecured creditors.

34. The Debtor asks that the Court determine that the notice provided of the preliminary hearing on this motion is sufficient under the circumstances, and further requests that no other or further notice of the preliminary hearing be required.

WHEREFORE, the Debtor seeks the entry of an interim order (i) permitting the use of cash collateral on an interim basis to prevent irreparable harm to the Debtor and the estate, (ii) scheduling a final hearing on the use of cash collateral, and (iii) grant such other and further relief as is just and proper.

Dated: Victor, New York
October 22, 2026

/s/ Michael D. Pinsky, Esq.
Law Office of Michael D. Pinsky, P,C.
Proposed Attorney for Debtor
7725 Victor Mendon Road
Victor, New York 14564
Tel: (845) 467-1602
Fax: (845) 684-0547
Email: michael.d.pinsky@gmail.com